STATE of Texas, Appellant,

v.

Ralph BOONE, Appellee.

No. 01–00–00866–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 12, 2001.

Ken Goode, Houston, for Appellee.

Alan Curry, Houston, for Appellant.

Panel consists of Justices HEDGES, NUCHIA, and PRICE.[1]

**OPINION**

NUCHIA, Justice.

In a single point of error, the State appeals the trial court's granting of appellee-defendant's motion to suppress. We affirm.

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## BACKGROUND

At the suppression hearing, three Houston Police Department Officers testified to the following facts. On November 9, 1998, Officer Craig Wurdman received a telephone call from a reliable informant, whom the officer had relied upon on 50 prior occasions, saying that appellee, Ralph Boone, was selling crack cocaine from his vehicle. The informant provided the officer with appellee's name and his physical description. Based on that description, Wurdman knew who he was looking for, because Wurdman knew appellee to have a reputation as a narcotics trafficker. The officer was also familiar with appellee's distinctive vehicle from prior experience. After receiving the information, Wurdman drove to the location where the informant said he saw appellee. Once there, Wurdman spotted appellee in his vehicle and began to follow him. Appellee drove to the side of a building and waited for about five to ten minutes in his vehicle "like he was waiting for somebody." After this period, appellee left the parking lot of the building and began driving back in the direction he had initially come from. Wurdman then called Officer Chaline, who was approaching appellee from the opposite direction, and informed him that he planned to stop appellee. Evidently in reaction to seeing the approaching patrol car, appellee cut across three lanes of traffic, made an illegal left-hand turn, and pulled into the parking lot of a fast-food restaurant, all the while being followed by Wurdman. Appellee then attempted to exit the parking lot, but, noticing the patrol car, reversed direction and backed into a parking slot. The patrol car pulled up in front of him, blocking his way.

Officer Chaline got out of his patrol car and approached appellee, who appeared nervous and agitated. The officer asked appellee for his driver's license and proof of insurance. Appellee did not have proof of insurance, as a result of which Officer Chaline arrested him and placed him in the back of the patrol car. While Officer Chaline attempted to write appellee a ticket, appellee became angry and abusive toward the officers and refused to sign the ticket. After arresting appellee, Officer Chaline called Officer Wurdman, who was observing the events from his car. Wurdman told Chaline to wait until other officers arrived on the scene. After those officers arrived, they began to inventory the vehicle, and, in the process, they discovered crack cocaine behind the passenger seat.

## DISCUSSION

In its single point of error, the State contends the trial judge abused his discretion in granting appellee's motion to suppress. Specifically, the State argues the judge mistakenly relied on a possible inconsistency in the facts to reach a legal conclusion that should be unaffected by that fact.

In granting the motion, the trial judge made the following finding:

> Let me see the ticket again. Based upon, really the testimony convincing the Court that this was refused to be signed there at the scene, it was written out and refused—I would imagine in most cases, the officer would say, refused to be signed by the defendant, rather than being booked at central. It seems like that was done at the very same time it was written out, and that would have been at the station later on. For those reasons, the motion is granted. Thank you.

The State contends this finding is indicative of the judge's sole reliance on the fact that the ticket had written on it "Booked at Central" rather than "Refused to Sign" to grant the motion. That ruling, the

State argues, is an abuse of discretion for two reasons. First, there is no evidence to support the court's finding for this conclusion. And second, even if the ticket was written at the station, that fact is irrelevant because the record provides uncontroverted evidence that the officers had probable cause to arrest appellee under three different theories.

We review a trial court's ruling on a motion to suppress evidence for abuse of discretion. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Taylor v. State,* 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). The Court will afford almost total deference to a trial court's determination of historical facts that the record supports, especially when the findings are based on the evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). The fact finder is the sole judge of the witnesses' credibility and may accept or reject any or all of the witnesses' testimony. *Taylor,* 945 S.W.2d at 297. In reviewing a ruling on a question of application of law to facts, we review the evidence in the light most favorable to the trial court's ruling. *Guzman,* 955 S.W.2d at 89.

Recently, the Court of Criminal Appeals elaborated on the standard of review in a motion to suppress. *See State v. Ross,* 32 S.W.3d 853 (Tex.Crim.App.2000). In *Ross,* the State was appealing from the trial court's granting of defendant's motion to suppress. *Id.* at 854. After discussing the standard of review established in *Guzman,* the Court stated:

> In a motion to suppress hearing where the only evidence presented is the testimony of the arresting officer (which, if believed, adds up to probable cause) *and* the trial court grants the motion without any explanation, there is not necessarily a "concrete" set of facts that can be implied from such a ruling. The trial court may have disbelieved the officer on at least one material fact, or the trial court may be in a situation in which it does not know what exactly the facts are, but it does know (on the basis of demeanor, appearance, and credibility) that they are not as the witness describes. In this situation, the appellate court does not necessarily have a set of historical facts to which it may apply the law. The determination of probable cause rests entirely on the credibility of the lone witness. This scenario is a mixed question of law and fact, the resolution of which turns on an evaluation of credibility and demeanor. The proper standard of review is therefore the second category of *Guzman,* "almost total deference" to the trial ruling.

*Id.* at 856 (emphasis added) (footnote omitted). Appellee urges us to review the trial court's ruling under this standard. The State, on the other hand, argues that because the testimony was uncontroverted and the trial judge explicitly based his ruling on one set of facts, all facts not relied upon by the judge and not disputed by appellee should be accepted as true. In other words, the State argues that because "[m]uch [sic] of the *relevant* facts in this case are not disputed, ... this Court should ... review the trial court's ruling ... *de novo.*"

While this case is distinguishable from *Ross* in one important aspect—mainly that in this case the trial court did make a finding of fact—the facts that are relevant to the State's argument do fall under the *Ross* standard. That is, those facts that are not directly related to the issue of when the ticket was written, "which, if believed, add[ ] up to probable cause," *see Ross,* 32 S.W.3d at 856, still are facts that require gauging "demeanor, appearance, and credibility." We are in no position to

make such determinations. Therefore, we will afford "almost total deference" to the trial court's determination of historical facts.

As we see it, there are two alternative explanations for the trial court's ruling: (1) the trial judge accepted as true all of the officers' testimony not related to the writing of the ticket and simply misapplied the law; or (2) the judge did not believe the officers' testimony in whole. To hold as the State asks us to, would be to choose the first of the two. We believe the second alternative is consistent with the standard of review set out in *Ross* and *Guzman*. *See Ross*, 32 S.W.3d at 856–57; *Guzman*, 955 S.W.2d at 87–90. The State's sole point of error is overruled.

We affirm the judgment of the trial court.