NO. 12-01-00077-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS,
§
 APPEAL FROM THE

APPELLANT


V.
§
 COUNTY COURT AT LAW #2


REBECCA ANN MAGAR,

APPELLEE
§
 SMITH COUNTY, TEXAS

 Appellee Rebecca Ann Magar was charged by complaint and information with the
misdemeanor offense of driving while intoxicated ("DWI"). Appellee filed a motion to suppress
evidence, which the trial court granted. The State of Texas appeals the trial court's ruling. Tex.
Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp. 2002). We reverse and remand. 


Background


 In her motion to suppress, Appellee alleged that she was illegally detained without reasonable
suspicion that she was engaged in criminal activity and arrested without an arrest warrant or probable
cause. Appellee requested that the trial court suppress all evidence seized.

 The evidence presented at a pre-trial hearing on Appellee's motion to suppress evidence
showed that on October 30, 2000, Tyler Police Officer Mark Lane was dispatched to Whataburger
restaurant on a suspicious person call. Whataburger employees had reported an individual, whom
they suspected to be intoxicated, driving a red Isuzu pick-up for which they provided a license plate
number. Officer Lane, who was the sole witness at the suppression hearing, testified that the police
department was frequently dispatched to various Tyler fast food restaurants on similar calls.

 When Officer Lane arrived at Whataburger, he found a red Isuzu pick-up bearing the 
reported license plate number. The pick-up was parked in a parking space with the engine running,
and Appellee, the sole occupant of the vehicle, was eating a hamburger. Officer Lane testified that
he informed Appellee why he was contacting her and asked her for identification. Officer Lane
noticed that Appellee's speech was slurred and her movements were slow and deliberate as she
looked through her purse for her driver's license. Officer Lane asked Appellee to step out of the
pick-up.

 Officer Lane testified that when Appellee got out of the vehicle, she almost fell down. 
Though Officer Lane did not notice an odor of an alcoholic beverage on Appellee's breath, he asked
her to submit to various field sobriety tests because her responses to his prior questions had been
slow and she seemed "sluggish." First, Officer Lane administered the Horizontal Gaze Nystagmus
("HGN") test which Appellee passed. Next, Officer Lane administered the one leg stand test which
Appellee was unable to perform due to her inability to balance on one foot. Then, Officer Lane
administered the nine-step walk and turn test. Appellee was unable to walk a straight line, took the
wrong number of steps, and did not step heel-to-toe as instructed. Finally, Officer Lane asked
Appellee to recite the alphabet. Appellee recited the alphabet correctly to "M," then said, "E," and
asked if she could start over. Based upon Appellee's performance, Officer Lane formed the opinion
that Appellee was intoxicated due to the ingestion of alcohol or some other substance and that she
had lost the normal use of her mental and physical faculties. Officer Lane then arrested Appellee
for DWI.

 At the conclusion of the hearing, the trial judge stated:


 [T]he court considering the totality of the circumstances still has to look at the charge. The charge was
driving while intoxicated. I didn't hear any evidence whatsoever that would put this woman out on
the road in that car, not anyone who saw her operating the motor vehicle at any time. And I think that
would have to come first before anything else. She was behind the wheel of a vehicle where the motor
was running. I don't even know if she was in the driver's seat or not. Maybe she was. Maybe she
wasn't. I don't know whether inquiries were made as to whether she had been driving, where she had
been, did she come back, et. cetera. I'm granting the motion.



Subsequently, the trial judge signed an order suppressing all evidence and testimony arising from
Appellee's detention and arrest.

 In its sole issue on appeal, the State contends that the trial court abused its discretion by
granting Appellee's motion to suppress based on the fact that there was no evidence presented to
show that Appellee was driving or operating a vehicle in a public place. Appellee did not file a brief.


Standard of Review


 In reviewing a trial court's ruling on a motion to suppress, an appellate court should generally
afford almost total deference to a trial court's determination of historical facts supported by the
record, especially when the trial court's fact findings are based on an evaluation of credibility and
demeanor of the witnesses. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The
appellate courts should afford the same amount of deference to trial courts' rulings on "application
of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor. Id. For example, where the
only evidence presented at a suppression hearing is the testimony of the arresting officer which, if
believed, adds up to probable cause, and the trial court grants the motion without any explanation,
there is not necessarily a "concrete" set of historical facts to which an appellate court may apply the
law de novo. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). In such a case, the proper
standard of review is "almost total deference" to the trial court's ruling. Id. Conversely, when the
ruling is on application of the law to a fact question that does not depend upon an evaluation of
credibility and demeanor, we review the trial court's decision de novo. See Guzman, 955 S.W.2d
at 89.

 In this case, the trial court made oral findings of fact in support of its ruling. The trial judge
stated on the record that she was granting Appellee's motion to suppress because there was no
evidence that Appellee was driving or operating a vehicle in a public place. There was no indication
that the trial court did not believe any part of Officer Lane's testimony. Compare State v. Nash, 55
S.W.3d 110, 114 (Tex. App.-Austin 2001, no pet.)(applying almost total deference standard where
it was clear from the tone of the trial court's findings that the trial court disbelieved the officer's
testimony even though the trial court made no finding on dispositive issue); State v. Boone, 45
S.W.3d 743, 745-46 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd)(applying almost total deference
standard where trial court made findings but not on dispositive issue). Therefore, because the facts
which the trial court expressly found to be the dispositive facts were uncontroverted, and because
the trial court's ruling is based specifically on those uncontroverted facts and does not turn on an
evaluation of the credibility or demeanor of the officer, we review the trial court's ruling de novo. 
See Ross, 32 S.W.3d at 858.


Constitutional Prohibition Against


Unlawful Search and Seizure


 In her motion to suppress evidence, Appellee claimed she was detained without the requisite
reasonable suspicion to justify an investigative detention and arrested without a warrant or probable
cause. The Fourth Amendment to the United States Constitution provides:


 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable
searches or seizures shall not be violated, and no warrants shall issue but upon probable cause,
supported by oath or affirmation and particularly describing the place to be searched, and the persons
or things to be seized.



U.S. Const. amend. IV. The Texas Constitution also provides certain guarantees against
unreasonable searches and seizures:


 The people shall be secure in their persons, houses, papers and possessions, from all unreasonable
seizures and searches, and no warrant to search any place or to seize any person or thing shall issue
without describing them as near as may be, nor without probable cause, supported by oath or
affirmation.



Tex. Const. art. I, § 9. No evidence seized in violation of any laws or provisions of the United
States Constitution or the laws or provisions of the Texas Constitution shall be admissible in any
criminal prosecution. See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2002).

 However, not all interactions between police officers and citizens implicate the U.S. and
Texas Constitutions. See Terry v. Ohio, 392 U.S. 1, 19 n. 16, 88 S. Ct. 1868, 1879 n. 16, 20 L. Ed.
2d 889 (1968). There are three recognized categories of interaction between the police and citizens:
encounters, investigative detentions based on reasonable suspicion, and arrests based on probable
cause. See Francis v. State, 922 S.W.2d 176, 178 (Tex. Crim. App. 1996)(Baird, J., concurring as
to judgment, dissenting as to dismissal of review). Only detentions and arrests amount to "seizures"
of persons, and, thus, require a certain objective level of suspicion. Id. An encounter is not a seizure
and requires neither reasonable suspicion nor probable cause.

Encounter

 An officer may approach a citizen without reasonable suspicion or probable cause to ask
questions and even to request consent to search. Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim.
App. 1995). While a law enforcement officer is free to approach a citizen and ask questions, the
citizen is also free to not answer the questions. Id. A seizure occurs only if a reasonable person
would not feel free "to disregard the police and go about his business." California v. Hodari, D., 499
U.S. 621, 628, 111 S. Ct. 1547, 1551-52, 113 L. Ed. 2d 690 (1991).

 In the instant case, Officer Lane did not stop Appellee. Appellee's vehicle was already
parked in a parking space when Officer Lane arrived at the scene. Officer Lane approached Appellee
and asked for identification. At this point in the interaction between the officer and Appellee,
nothing had occurred which would cause a reasonable person to believe that she was not free to
leave. Therefore, we hold that Officer Lane's initial interaction with Appellee was an encounter,
requiring no reasonable suspicion or probable cause.

Investigatory Detention Based on Reasonable Suspicion

 We must next consider whether Officer Lane developed reasonable suspicion to detain
Appellee during the encounter. A police officer may stop and briefly detain a person for
investigative purposes if the officer, in light of his experience, has a reasonable suspicion supported
by articulable facts that criminal activity may be afoot. See Terry, 392 U.S. at 30, 88 S. Ct. at 1884-85. The reasonableness of a temporary detention must be examined in terms of the totality of the
circumstances. See Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A reasonable
suspicion means more than a mere hunch or suspicion. See Davis v. State, 947 S.W.2d 240, 244
(Tex. Crim. App. 1997). A detention is not permissible unless the circumstances objectively support
a reasonable suspicion of criminal activity. See id.

 While an anonymous tip or telephone call may justify the initiation of an investigation, it
alone will rarely establish the level of suspicion required to justify a detention. See Alabama v.
White, 496 U.S. 325, 329, 110 S. Ct. 2412, 2416, 110 L. Ed. 2d 301 (1990). There must be some
further indicia of reliability, some additional facts from which a police officer may reasonably
conclude that the tip is reliable and a detention is justified. See id. Corroboration by the law
enforcement officer of any information related by the informant may increase the reliability of the
information. See State v. Sailo, 910 S.W.2d 184, 188 (Tex. App.-Fort Worth 1995 pet ref'd).
However, "corroboration" in this sense does not mean that the officer must personally observe the
conduct that causes him to reasonably suspect that a crime is being, has been, or is about to be
committed. See id. at 189. Rather, corroboration refers to whether the police officer, in light of the
circumstances, confirms enough facts to reasonably conclude that the information given to him is
reliable and a temporary detention is thus justified. See id. If a tip has a relatively low degree of
reliability, more corroboration will be required to establish the requisite quantum of suspicion than
would be required if the tip were more reliable. Alabama, 496 U.S. at 330, 110 S. Ct. at 2416. 
Conversely, where the reliability of the information is increased, less corroboration is necessary. See
id.

 The fact that Officer Lane encountered Appellee in the Whataburger parking lot eating a
hamburger in a vehicle matching the description given by the caller and bearing the license plate
number described gave some indicia of reliability to the anonymous tip. (1) However, we need not
decide whether such corroboration alone was sufficient to rise to the level of reasonable suspicion
because, in this case, the officer developed reasonable suspicion based on what happened during the
encounter. When Officer Lane asked Appellee for identification, he noticed that Appellee's speech
was slurred and her movements were slow and deliberate as she looked through her purse for her
driver's license. We hold that, at that point, Officer Lane had reasonable suspicion to justify an
investigative detention of Appellee based on his personal observation of her seemingly impaired
condition. 

Probable Cause to Arrest

 We must next consider whether Officer Lane developed probable cause to arrest Appellee
after he had detained her. A warrantless arrest for a misdemeanor, such as the DWI offense charged
here, is unlawful unless the offense is committed in the view or in the presence of the arresting
officer. Tex. Code Crim. Proc. Ann. § 14.01 (Vernon 1977). Because no officer saw Appellee
driving, a warrantless arrest for DWI would not have been proper. Jones v. State, 949 S.W.2d 509,
515 (Tex. App.-Fort Worth 1997, no pet.). Nevertheless, where there is sufficient evidence to
support a finding of probable cause to arrest an individual for the offense of public intoxication
committed in the officer's presence, the arrest is not invalid simply because the officer labels the
offense "driving while intoxicated." See, e.g., Warrick v. State, 634 S.W.2d 707, 709 (Tex. Crim.
App. [Panel Op.] 1982); Jones, 949 S.W.2d at 515-16. 

 A person commits the offense of public intoxication if he appears in a public place while
intoxicated to the degree that he may endanger himself or another. Tex. Pen. Code Ann. § 49.02(a)
(Vernon Supp. 2002). At the suppression hearing, Appellee did not dispute that Whataburger is a
public place. When Officer Lane arrived at Whataburger, he found Appellee sitting in the vehicle
reported to have been driven by a suspected intoxicated driver. After interacting briefly with
Appellee, Officer Lane formed the opinion that Appellee was intoxicated. Officer Lane's
investigation revealed that (1) Appellee's speech was slurred and her movements were slow and
deliberate; (2) Appellee almost fell down when she got out of the vehicle; (3) Appellee's responses
to his questions were slow, and she seemed "sluggish"; (4) Appellee passed an HGN test, but failed
three other field sobriety tests; (5) Appellee was unable to perform two of the tests due to poor
balance; and (6) Appellee was in a public parking lot. Officer Lane could have reasonably inferred
that Appellee posed a danger to herself because she nearly fell and that Appellee posed a danger both
to herself and to others because she would have driven or walked from the scene in an intoxicated
state. See Segura v. State, 826 S.W.2d 178, 185 (Tex. App.-Dallas 1992, pet. ref'd). We hold that
under these circumstances, Officer Lane had sufficient probable cause to believe that Appellee was
intoxicated and that she posed a danger to herself and to others as a result of her intoxication.


Conclusion


 Officer Lane's initial contact with Appellee was not an investigative detention but an
encounter. During that encounter, Officer Lane developed reasonable suspicion to detain Appellee. 
Based on his investigation during the detention, Officer Lane developed sufficient probable cause
to arrest Appellee for public intoxication. Therefore, we hold that the trial court erred in granting
Appellee's motion to suppress. The State's issue is sustained.

 The trial court's order granting Appellee's motion to suppress is reversed and the cause is
remanded for further proceedings.



 SAM GRIFFITH 

 Justice



Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





























(DO NOT PUBLISH)
1. Where a named informant is a private citizen whose only contact with the police results from having
witnessed a criminal act committed by another, the credibility and reliability of the information is inherent. Esco v.
State, 668 S.W.2d 358, 360-61 (Tex. Crim. App. 1982). It appears from the prosecutor's comments in the record
that another Tyler Police Department officer went into Whataburger to attempt to contact the caller or callers. 
However, that officer did not testify, so we must treat the call as an anonymous tip for purposes of our analysis.