Opinion issued December 12, 2002











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00301-CR




RONALD EVIN HARGROVE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 855799




O P I N I O N

Appellant, Ronald Evin Hargrove, was indicted for capital murder.


 After the trial
court denied his pre-trial motions to suppress evidence and quash the indictment, appellant
reached a plea agreement with the State. Pursuant to that agreement, appellant pleaded guilty
and was sentenced to life in prison. On appeal, appellant contends that the trial court erred
in denying his motions. We affirm.
                               Factual & Procedural Background
Appellant and the woman he killed, Lindsay Smith Baldridge, lived together as a
couple for over two years. A few weeks before the murder, Lindsay ended their relationship;
appellant, however, continued to contact Lindsay. He called her one Saturday night asking
to come over; she gave him a noncommittal response. Because Lindsay did not specifically
tell him not to come over, appellant drove to her apartment just after midnight on September
16, 2000. Lindsay was not at home when appellant arrived. When he discovered that the
patio door was unlocked, appellant went into the apartment and sat down in the living room
to drink a beer and wait. Lindsay came home about 1:00 a.m. accompanied by Rochelle
Wilson, a friend from work. Appellant pulled Lindsay into the apartment and shut the door. 
Before the door closed, Rochelle saw appellant and heard Lindsay say, “Ron, what are you
doing?” Rochelle heard slapping and scuffling sounds coming from the apartment and called
the police. Appellant remembers little of what transpired next, but said that Lindsay was
hitting him. Appellant then “blacked out.” The forensic evidence shows Lindsay died of a
puncture wound to the chest. She was dead when the police arrived about a half hour after
Rochelle called them. 
After he left Lindsay’s apartment to drive home, appellant crashed his truck in a ditch. 
He walked to a nearby home in the middle of the night to seek help extricating the truck. As
it turned out in an odd coincidence, the house appellant approached belonged to Carmen
Martinez, whose son is a Fort Bend County sheriff’s deputy. Carmen was not able to assist
appellant. Later that morning when her son dropped by, Carmen told him the story of her
late-night visitor. Harris County had already issued a warrant for appellant’s arrest and
Deputy Martinez had in his patrol car a “Wanted” poster bearing appellant’s picture. 
Martinez retrieved the picture and showed it to his mother, who immediately identified
appellant as the man who had come to her door. Meanwhile, appellant reported his truck as
stolen.
At around 4:00 p.m. on Sunday, September 17, appellant turned himself in to the Fort
Bend County Sheriff’s Department. Officer Carlos Castillo booked appellant, jailed him
overnight, and took him before a magistrate at 9:30 a.m. Monday, September 18. Later in
the day, Houston police detectives W.D. Lanier and Robert Tonry picked up appellant and
drove him to Harris County for questioning. After waiving his constitutional rights, appellant
provided a written, signed statement.
On appeal, appellant challenges the admission of his statement, contending he was not
properly advised of his rights, and Carmen’s identification of him. He also challenges
whether the indictment provided sufficient notice of the crime with which he was charged.
Suppression of Written Statement
In his first issue presented for review, appellant contends the trial court erred in
overruling his motion to suppress his written statement. He argues that (1) he was given
conflicting warnings regarding his rights; (2) Detective Tonry’s warning was not in
substantial compliance with the requirements set out in Cockrell v. State;


 and (3) his
invocation of his right to an attorney was ignored. The crux of appellant’s argument is that
he was never informed of his right to have a lawyer present to advise him “prior to” any
questioning and that he asked for counsel before questioning ever began. 
The record contains a copy of the Fort Bend County Magistrate’s warning, delivered
to appellant before Tonry and Lanier picked him up for questioning, that includes the
following language: “You have a right to hire a lawyer and have him present prior to and
during any interview and questioning by peace officers or attorneys representing the State.” 
Appellant signed this document. Appellant also signed his written statement and initialed
each paragraph, one of which contains the warning, “I have the right to have a lawyer present
to advise me prior to and during any questioning.” Appellant’s challenge to the timing of
the warnings has no merit. He attempts to use Tonry and Lanier’s omission of the words
“prior to” when each testified about the warnings given to appellant to show that he received
conflicting warnings, but we reject such a contention. 
In his brief, appellant focuses predominantly on his own testimony to argue that the
trial court erred in overruling his motion to suppress; in so doing, he ignores the governing
standard of review. We review a trial court’s ruling on a motion to suppress evidence for
abuse of discretion. Villareal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). We
accord almost total deference to the ruling, particularly when the findings are based on an
evaluation of the witnesses’ credibility. State v. Boone, 45 S.W.3d 743, 744 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d). The fact finder is the sole judge of the
witnesses’ credibility and may accept or reject any or all of the witnesses’ testimony. Id.
Appellant testified repeatedly that he invoked his right to counsel while Detectives
Tonry and Lanier were driving him to Houston. Appellant testified that, when he asked for
a lawyer, Tonry’s response was that appellant “didn’t need one, that [Tonry] knew [appellant]
had done the murder.” Neither Tonry nor Lanier corroborated appellant’s version of the
events. Each testified unequivocally on direct and cross examination that appellant never
asked for a lawyer. Each also testified that Tonry read appellant the Texas statutory warnings
from a card prepared by the district attorney’s office before taking appellant’s statement and
that appellant said he understood his rights. It is evident the trial court believed Tonry’s and
Lanier’s testimony, but did not believe appellant’s testimony. Accordingly, we defer to this
ruling and overrule the first issue presented for review.
Suppression of Identification Evidence
In his second issue presented for review, appellant contends the trial court erred by
refusing to exclude identification testimony resulting from an impermissibly suggestive
pretrial procedure. Appellant argues that the in-court identification by witness Carmen
Martinez should have been suppressed. Her identification of appellant would have been
significant, had the case gone to trial, because she could connect appellant to the abandoned
truck. The truck contained physical evidence linking appellant to the murder, but appellant
had falsely reported that his truck was stolen.
An in-court identification is inadmissible when it has been tainted by an impermissibly
suggestive pretrial photographic identification. Ibarra, 11 S.W.3d at 195. Suggestiveness
may be created by the manner in which the pretrial identification procedure is conducted;
however, the further question is whether the procedures were so suggestive as to present a
very substantial likelihood for irreparable misidentification. Id. The Court of Criminal
Appeals frowns on the practice of showing a single photograph to a prosecuting witness and
finds such a practice to be impermissibly suggestive. Delk v. State, 855 S.W.2d 700, 707
(Tex. Crim. App. 1993); Herrera v. State, 682 S.W.2d 313, 318 (Tex. Crim. App. 1984);
Hubbard v. State, 496 S.W.2d 924, 925 (Tex. Crim. App. 1973); Boyd v. State, 472 S.W.2d
125, 126 (Tex. Crim. App. 1971). Therefore, we agree that the photograph Deputy Martinez
showed his mother was impermissibly suggestive.
Whether a photographic identification procedure was so impermissibly suggestive as
to give rise to a very substantial likelihood of misidentification is a mixed question of law
and fact that does not turn on an evaluation of credibility and demeanor. Loserth v. State,
963 S.W.2d 770, 772-73 (Tex. Crim. App. 1998). The test is whether, considering the
totality of the circumstances, “the photographic identification procedure was so
impermissibly suggestive as to give rise to a very substantial likelihood of irreparable
misidentification.” Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968);
Ibarra v. State, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999). Reliability is the critical
question:
[I]f the totality of the circumstances reveals no substantial
likelihood of misidentification despite a suggestive pretrial
procedure, subsequent identification testimony will be deemed
‘reliable,’ ‘reliability [being] the linchpin in determining the
admissibility of identification testimony.’
 
Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988). The following five
non-exclusive factors are “weighed against the corrupting effect of any suggestive
identification procedure in assessing reliability under the ‘totality of the circumstances’”: 
(1) the witness’s opportunity to view the criminal at the time of the crime; (2) the witness’s
degree of attention; (3) the accuracy of the witness’s prior description of the criminal; (4) the
witness’s level of certainty; and (5) the length of time between the crime and the
confrontation. Neil v. Biggers, 409 U.S. 188, 199, 93 S. Ct. 375, 382 (1972); Loserth, 963
S.W.2d at 773-74. We consider these factors deferentially in a light favorable to the trial
court’s ruling. Ibarra, 11 S.W.3d at 195. 
The record reflects the following in regard to the Biggers factors:
(1) Carmen had an opportunity to view appellant for two-to-three minutes as he stood on her well-lit front porch;
 
(2) her level of attention was high because it was 2:30 a.m. and
hearing someone knock on the door at that hour was both
unusual and frightening;
 
(3) she accurately described appellant as being a black man of
average height and weight, with a mustache, wearing a white T-shirt and dark pants;
 
(4) her level of certainty was high. At trial, when asked how
positive she was that appellant was the same person she saw on
her porch, she replied “I’m pretty positive,” then, “I am
positive.” When asked if there was any doubt in her mind, she
said, “No”; and
 
(5) she saw appellant about an hour after the murder.
 
Based on the record, the Biggers factors demonstrate that Carmen’s identification has
many indicia of reliability. When a pretrial procedure is impermissibly suggestive, as it was
here, the in-court identification by an eyewitness is admissible if the record clearly shows that
the witness’s prior observations were sufficient to serve as an independent origin for the
in-court identification. Herrera, 682 S.W.2d at 319. There is no evidence that Carmen’s in-court identification of appellant was based solely on the photograph shown to her by her son. 
Nor is there any evidence that her initial description of appellant was inaccurate or that she
ever identified anyone else as the person who came to her door. 
From the totality of the evidence before it, the trial court could reasonably conclude
that Carmen’s testimony was reliable, despite the unnecessarily suggestive pretrial
occurrence. We hold that no substantial risk of irreparable misidentification was created so
as to deny appellant due process. The trial court did not err in overruling appellant’s motion
to suppress this identification testimony. We overrule the second issue presented for review.
Motion to Quash
In his third issue presented for review, appellant contends that the trial court erred in
overruling his motion to quash the indictment. A defendant has a constitutional right to be
informed of the nature of the charges against him. Curry v. State, 30 S.W.3d 394, 398 (Tex.
Crim. App. 2000). Appellant argues he was not given adequate notice of how he committed
the offense of burglary of a habitation; thus, he was unable to prepare a proper defense and
was denied his right to due process. We review a trial court’s ruling on a motion to quash
under an abuse of discretion standard. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim.
App. 1981) (op. on reh’g).
Paragraph two of the State’s indictment provides:
It is further presented that in Harris County, Texas, RONALD
EVIN HARGROVE, hereinafter styled the Defendant,
heretofore on or about September 16, 2000, did then and there
unlawfully, while in the course of committing and attempting to
commit the burglary of a habitation owned by LINDSAY
SMITH BALDRIDGE, hereafter called the Complainant,
intentionally cause the death of the Complainant by STABBING
THE COMPLAINANT WITH A DEADLY WEAPON,
NAMELY A KNIFE. 
 
Appellant was charged with capital murder, while the underlying felony was burglary
of a habitation. The Court of Criminal Appeals has repeatedly held that an indictment need
not allege the constituent elements of the aggravating feature that elevates murder to capital
murder. Barnes v. State, 876 S.W.2d 316, 323 (Tex. Crim. App. 1994); Beathard v. State,
767 S.W.2d 423, 431 (Tex. Crim. App. 1989); Marquez v. State, 725 S.W.2d 217, 236 (Tex.
Crim. App. 1987); Hammett v. State, 578 S.W.2d 699, 707-08 (Tex. Crim. App. 1979). 
Therefore, the State had no obligation to elaborate on the manner in which it alleged
appellant committed burglary of a habitation, and the trial court did not err in overruling the
motion.
We overrule the third issue presented for review. 
We affirm the trial court’s judgment.
 
 
                                                       Evelyn Keyes
                                                       Justice
 
Panel consists of Justice Hedges, Keyes, and Duggan.



Do not publish. Tex. R. App. P. 47.