**Alejandro Robles VASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00171–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 27, 2003.

Kenneth W. Smith, Law Office of Kenneth W. Smith, Houston, TX, for Appellant.

Amanda J. Peters, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney—Harris County, Houston, TX, for the State.

Panel consists of Justices HEDGES, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Alejandro Robles Vasquez, was indicted for murder. After the trial court denied his pre-trial motion to suppress identification, appellant reached a plea agreement with the State. Pursuant to that agreement, appellant pled guilty and was sentenced to 10 years' confinement in prison. In his sole issue, appellant contends the trial court erred in denying his motion to suppress. We affirm.

### Factual & Procedural Background

Appellant's conviction stemmed from a shooting that occurred on February 2, 1994. That night, while at a bar, appellant shot and killed Jorge Alberto Marroquin. Augustine Lopez, an acquaintance of appellant, witnessed the shooting and was also shot in the incident. Lopez was taken to a hospital, where he was shown two photographic lineups. Each contained photographs of six individuals. Lopez was unable to identify anyone. Subsequently, on February 14, 1994, Lopez was shown a third photographic lineup that contained a photograph of appellant and five other individuals. This time, Lopez identified appellant.

After he was indicted for murder, appellant filed a motion to suppress Lopez's out-of-court identification. Appellant argued that the identification procedure was impermissibly suggestive, in violation of his due process rights under the Fourteenth Amendment. *See* U.S. CONST. amend. IV. After conducting a hearing, the trial court ruled the identification procedure was not suggestive and denied the motion. Appellant subsequently pled guilty, and the trial court granted permission to pursue this appeal.

### Standard of Review

We review a trial court's decision on a motion to suppress identification under an abuse of discretion standard. *See Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). Under this standard, we give almost total deference to a

trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor of witnesses. *Loserth v. State*, 963 S.W.2d 770, 771 (Tex.Crim.App.1998). We give the same amount of deference to the trial court's rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those questions turns on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim.App.1997). We review *de novo* "mixed questions of law and fact" that do not fall within this category. *Id.*

■ When faced with a challenge to an out-of-court identification, a trial court must look to the totality of the circumstances surrounding the identification to determine if a procedure was so unnecessarily suggestive and conducive to irreparable mistaken identification that the defendant was denied due process of law. *Webb v. State*, 760 S.W.2d 263, 272 (Tex. Crim.App.1988). In the first step in this analysis, the trial court determines whether the identification procedure was impermissibly suggestive. *Barley v. State*, 906 S.W.2d 27, 33–34 (Tex.Crim.App.1995). If the trial court determines the identification is impermissibly suggestive, the court must then consider the factors enumerated in *Neil v. Biggers* to determine whether the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).[1] Throughout this process, the burden is on the movant to show impermissible suggestion and substantial likelihood of misidentification by clear and convincing evidence. *See Barley*, 906 S.W.2d at 33–34.

### Impermissibly Suggestive Identification

■ Appellant must first show that the procedure used to obtain Lopez's identification was impermissibly suggestive. Suggestiveness may be created by the manner in which the pre-trial identification procedure is conducted. *Barley*, 906 S.W.2d at 33. For example, police may point out the suspect or suggest that a suspect is included in the line-up or photo array. *Id.* The content of the line-up itself may show suggestiveness if the suspect is the only individual who closely resembles the pre-procedure description. *Id.* Furthermore, an individual procedure may be suggestive or the cumulative effect of procedures may be suggestive. *Id.*

Appellant argues that the trial court erred by denying his motion to suppress Lopez's identification of appellant because (1) Lopez was intoxicated on the night of the shooting, (2) Lopez had little recollection of appellant's features and was unable to provide a description of the shooter, (3) Lopez's identification was very tentative, (4) 12 days lapsed between the shooting and Lopez's identification of appellant, (5) police officers forced Lopez to identify appellant, and (6) an officer told Lopez after the identification that appellant was the shooter. We find these arguments unpersuasive.

Appellant's first four arguments do not show that the identification procedure was somehow tainted or impermissibly suggestive. Lopez's intoxication, poor recollection, tentative nature, and delayed identification relate solely to the credibility and reliability of Lopez as an identification wit-

---

**1.** These factors are: (1) the witness's opportunity to view the criminal act, (2) the witness's degree of attention, (3) the accuracy of the suspect's description, (4) the level of certainty at the time of confrontation, and (5) the time between the crime and confrontation. *Barley,* 906 S.W.2d at 34–35.

ness and not to the suggestive nature of the identification procedure. Although Lopez's credibility becomes relevant when conducting a *Biggers* analysis to determine whether an impermissibly suggestive identification procedure gave rise to a substantial likelihood of irreparable misidentification, appellant must first show that the procedure itself was impermissibly suggestive before he is entitled to a *Biggers* analysis. *See Barley,* 906 S.W.2d at 34–35.

Appellant also argues that police officers coerced or forced Lopez to identify him. However, nothing in the record supports this contention. Lopez was repeatedly asked at the suppression hearing whether he was coerced or forced to identify appellant, and each time Lopez responded "no." Appellant's contention is without merit.

Finally, appellant contends that, after Lopez identified him, a police officer told Lopez that appellant was the shooter. But because Lopez cannot speak English and had difficulty testifying through an interpreter, his testimony is unclear on this point. Lopez testified to the following:

Defense Counsel: So the police officers told you that number two (appellant) was the man, yes or no; is that correct?

Lopez: No. I also told them that it was—I have also told them that it was he. No, no. He didn't tell me to tell them. He asked me if I recognized and then later I said yes.

Defense Counsel: But you just signed this on number two. You just stated that they told you he (appellant) was the one that had killed the other man?

Lopez: No, no. I am telling you that when they were showing me that

(photo spread), I told them that it was he. When I signed, that's when they told me that it was he.

The police officer that obtained Lopez's identification testified that at no point during the identification process did an officer tell Lopez that appellant was the shooter.[2] In its ruling, the trial court stated:

The fact that there is such a language barrier and the fact that I think the witnesses were all over the place with regard to the issue of whether or not they were required to or weren't required to (identify) ... it's this Court's opinion, based on the demeanor and the fact that this disability of the witnesses to fully express themselves through an interpreter that I am satisfied that the identifications were not improper.

To the extent that Lopez's testimony does conflict with that of the officer, resolution of this conflict turns on an evaluation of credibility and demeanor and is properly reserved to the trial court. *See State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim.App.2000); *State v. Boone,* 45 S.W.3d 743, 745 (Tex.App.-Houston [1st Dist.] 2001, pet. ref'd). Accordingly, we defer to the trial court's determination that the procedure used to obtain Lopez's identification was not impermissibly suggestive.

Because appellant has not shown that Lopez's out-of-court identification was obtained through an impermissibly suggestive procedure, we need not conduct a *Biggers* analysis. We hold that the trial court did not err in denying appellant's motion to suppress.

We overrule appellant's sole point of error.

2. At most, Lopez's testimony indicates that an officer told him that he had correctly identified the assailant. Because appellant's challenge on appeal is limited to the pretrial identification procedures used in the showing of the photo spreads, we do not address whether the officer's alleged confirmation of the identification, subsequent to the identification, may have affected any later in-court identification.

## Conclusion

We affirm the judgment of the trial court.