In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00141-CR


______________________________




TYRONE ANTHONY BELL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Criminal District Court No. 5


Dallas County, Texas


Trial Court No. F02-00608-WL




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Under a plea agreement, Tyrone Anthony Bell pled guilty to, and was convicted of, theft of
property, the value of which was $1,500.00 or more but less than $20,000.00. The trial court set
punishment at two years' imprisonment and a fine of $1,000.00, within the terms of the plea
agreement. In accordance with Rule 25.2(a)(2), the trial court filed a certification of defendant's right
of appeal stating this matter "is a plea-bargain case, and the defendant has NO right of appeal." See
Tex. R. App. P. 25.2(a)(2). Bell now appeals.

 Under amended Rule 25.2(a)(2), Bell was entitled to appeal only "those matters that were
raised by written motion filed and ruled on before trial," or "after getting the trial court's permission
to appeal." (1) The trial court certified that neither of these circumstances apply by stating that there
is no right of appeal. See Comb v. State, 101 S.W.3d 794 (Tex. App.-Houston [1st Dist.] 2003, no
pet. h.). (2)

 We lack jurisdiction (3) over this appeal and therefore dismiss it.

 



 Josh R. Morriss, III

 Chief Justice


Date Submitted: September 3, 2003

Date Decided: September 4, 2003


Do Not Publish

1. Effective January 1, 2003, the Texas Rules of Appellate Procedure were amended. Because
Bell's notice of appeal invoking appellate jurisdiction was filed after the effective date of the
amended rules, the amended rules apply to this appeal. Newly amended Rule 25.2(a) reads, in
pertinent part:


 (2) A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal in every case in which it enters a judgment of guilt or
other appealable order. In a plea bargain case-that is, a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant-a
defendant may appeal only: 

 (A) those matters that were raised by written motion filed and ruled on before
trial, or 

 (B) after getting the trial court's permission to appeal. 


Tex. R. App. P. 25.2(a).
2. A plea agreement rests on the basis that it and the resulting guilty plea are voluntarily and
understandably made; an involuntary plea, however, may be raised by a motion for new trial and
habeas corpus, not on appeal. Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001).
3. We have jurisdiction to determine whether we have jurisdiction. Olivo v. State, 918 S.W.2d
519, 523 (Tex. Crim. App. 1996).



and Collom & Carney Clinic's motion for summary judgment. The court also severed the
claims against those defendants and assigned the severed litigation a new cause number,
01C1015B-005.
          An appeal may be taken only from a final judgment. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001). This includes concluded matters that are severed,
because those matters are then final. See Baker v. Monsanto Co., 111 S.W.3d 158 (Tex.
2003). 
          The notice of appeal filed October 29, 2004, timely perfected appeal from the
judgment in the original case, signed October 1, 2004. However, in that case, only the
Hospital remained as a defendant. O'Donald did not timely perfect his appeal in the
summary judgment rendered in favor of Hillis, Smith, and Collom & Carney Clinic, which
became final on severance. 
          The motion is granted. We order the appeal against Hillis, Smith, and Collom &
Carney Clinic severed from that of the Hospital, and we assign it to cause number 06-05-00050-CV. The appeal against the Hospital will retain the original cause number, 06-04-00121-CV.
          We dismiss the appeal in cause number 06-05-00050-CV. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      March 29, 2005
Date Decided:         March 30, 2005