Affirmed and Memorandum Opinion filed March 9, 2006









Affirmed
and Memorandum Opinion filed March 9, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-01048-CR

____________

 

BROCK LAMONT
ROBERTS,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 977,777

 



 

M E M O R A N D U M   O P I N I O N

Appellant Brock Lamont Roberts was
convicted of the felony offense of aggravated robbery and sentenced to thirty years=
imprisonment.  In two issues, appellant
claims the trial court erred in allowing evidence of the victim=s in-court and
out-of-court identifications of him.  We
affirm.  








On February 13, 2004, Tiffany Fitzgerald
was robbed at gunpoint by a passenger in her taxi cab whom she had driven
around for more than an hour.  Four days
later, the detective investigating the case identified appellant as a suspect
and contacted Captain Steven Conroy of the Harris County Sheriff=s Department to
arrange a photo spread for Fitzgerald. 
Conroy contacted Fitzgerald, and a clerical worker at the department
prepared a photo array with six subjects, including appellant.  Conroy did not give Fitzgerald a form
admonition, the common practice in the department, but instructed her orally
from memory because no forms were available. 
According to Fitzgerald, Conroy told her, AI=m going to show
you a lineup.  If you see him, I need you
to circle it and sign it and date it, and take your time on it.@  Almost immediately, Fitzgerald selected
appellant=s photograph.  

At a pretrial identification hearing,
appellant moved to suppress the photo array, arguing that it was impermissibly
suggestive because he was the only subject wearing an orange shirt, which
suggested he was in custody.  At the
hearing, Fitzgerald testified she noticed appellant=s orange shirt and
thought it was a county jail jumpsuit. 
Nonetheless, she said this did not influence her identification of
appellant because she recognized him as her robber.  The trial judge denied appellant=s motion to
exclude the photo spread.  At trial,
appellant renewed his objection when the photo spread was entered into evidence
during Conroy=s testimony.  However, appellant did not object when
Fitzgerald again identified him in court. 
The jury convicted appellant, and this appeal followed.  

In two issues, appellant contends the
trial court erred in denying his motion to suppress evidence of the in-court
and out-of-court identifications because the pretrial identification procedure
was impermissibly suggestive.  We review
a trial court=s decision on a motion to suppress under
an abuse of discretion standard.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  Under this standard, we give almost total
deference to historical findings of fact and to mixed questions of law and fact
that turn on witness credibility and demeanor. 
See Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App.
1998).  We review de novo mixed questions
of law and fact that do not turn on witness credibility and demeanor.  Id.








The United States Supreme Court has
recognized that a pretrial identification procedure may be so suggestive as to
lead to an irreparable misidentification. 
Simmons v. United States, 390 U.S. 377, 383B84 (1968).  When seeking to suppress an in-court or
out-of-court identification, the defendant must prove by clear and convincing
evidence that the out-of-court identification procedure was impermissibly
suggestive.  See Barley v. State,
906 S.W.2d 27, 33B34 (Tex. Crim. App. 1995); Vasquez v.
State, 101 S.W.3d 794, 796 (Tex. App.CHouston [1st
Dist.] 2003, pet. ref=d). 
Photo arrays may be suggestive in two general ways.  First, the content of the array may be
suggestive, as when the suspect is the only person closely resembling the
description, see Barley, 906 S.W.2d at 33, or the subjects of the
photographs are Agrossly dissimilar in appearance to the
suspect,@ see United
States v. Wade, 388 U.S. 218, 233 (1967). 
Second, the identification procedure used in a photo array may render it
suggestive, as when an officer points out or otherwise indicates to the witness
that the suspect is included in the array.  See Barley, 906 S.W.2d at 33. 








Appellant contends his orange shirt
rendered the photo spread impermissibly suggestive.[1]  He points out that Fitzgerald testified she
thought the orange shirt was a county jail jumpsuit.  However, she also testified this did not
impact her identification of appellant, which was based solely on her memory of
seeing his face the day he robbed her. 
Fitzgerald saw appellant=s face several
times in the rear view mirror as they drove and talked, and she turned around
and looked at him when he pulled out his gun. 
The trial court, by denying appellant=s motion to
suppress, apparently believed Fitzgerald=s testimony that
she did not base her identification of appellant on his orange shirt.  See Carmouche v. State, 10 S.W.3d 323,
327B28 (Tex. Crim.
App. 2000) (permitting appellate courts to make reasonable inferences in
support of trial courts= rulings when there are no explicit
findings of fact).  Although we afford
great deference to the trial court=s evaluation of
Fitzgerald=s credibility and demeanor, the issue of
the photo array=s suggestiveness does not turn on this
evaluation.[2]  See Loserth, 963 S.W.2d at 773.  Thus, we review the photo array de novo.  Considering the evidence in the record,
including a duplicate of the photo array in which only a small portion of
appellant=s shirt collar is visible, the physical
similarity of the subjects, Fitzgerald=s testimony from
the suppression hearing, and the trial court=s evaluation of
her testimony, we find that the photo array was not impermissibly suggestive.

Appellant also claims that even if the
photo array was not suggestive, Conroy=s conduct made the
identification procedure suggestive.  He
argues the manner in which Conroy approached Fitzgerald caused her to conclude
they had a suspect in mind.  In support
of this contention, appellant points to Conroy=s lack of recent
experience administering photo spreads and the fact that he did not give
Fitzgerald the department=s standard admonition. However, appellant
cites no authority requiring a particular level of expertise or type of
admonition to administer a photo spread. 
Further, appellant points to no evidence that Conroy indicated the suspect
was in the photo array or encouraged Fitzgerald to select him. 








Based on the foregoing, we conclude that
appellant did not prove by clear and convincing evidence that the photo spread
was suggestive, and thus the trial court did not err in admitting it.  Having determined the photo spread was not
suggestive, we need not consider the in-court identification. See Abney v.
State, 1 S.W.3d 271, 275 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d) (AA finding that a
challenged pretrial identification procedure was not impermissibly suggestive
eliminates the need to determine whether the procedure gave rise to a very
substantial likelihood of misidentification.@).  We overrule appellant=s two issues and
affirm the trial court=s judgment.                        

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed March 9, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  In his
appellate brief, appellant also argues that some of the other photo array
subjects appeared to have facial hair and that one wore an earring.  Although there are minor differences among
the subjects, all appear to be the same general race, gender, age and to have
similar hair styles as appellant.  The
State need not produce identical subjects to avoid violating appellant=s due process rights. 
See Buxton v. State, 699 S.W.2d 212, 216 (Tex. Crim. App. 1985). 





[2]  Loserth describes
testimony that A>turns= on an evaluation of credibility and demeanor@ as that which, if believed, is Aalways enough
to add up to what is needed to decide the substantive issue.@  Loserth,
963 S.W.2d at 773.  Here, the trial court
could have found the photo array impermissibly suggestive despite Fitzgerald=s testimony that she was not influenced by the orange
shirt.  See id. (noting that in
some cases, application of certain factors may lead to different outcomes, even
if witness=s testimony is believed).  Thus, the trial court=s finding does not turn on an evaluation of Fitzgerald=s credibility and demeanor.